**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALO FABIAN TOROCHE-GUAMANGATE**, | : | |
| Petitioner, | : | No. 26-cv-3116-JMY |
| | : | |
| vs. | : | |
| | : | |
| **JAMISON, J.L.**, Warden, Federal Detention Center, Philadelphia, *et al.* | : | |
| Respondents. | : | |

## <u>ORDER</u>

**AND NOW**, this 12th day of May 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petitioner for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.     Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.     The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on May 14, 2026**;

3.     If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.     If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or

emergency circumstances arise that require him to be removed.  Any such request must include an

explanation for the request as well as a proposed destination.  The Court will then determine

whether to grant the request and permit transfer of Petitioner; and

5.      The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

_/s/ John Milton Younge_
**Judge John Milton Younge**

---

[1]  Petitioner, Galo Fabian Toroche-Guamangate, was born in Ecuador.  (Petition for Writ of Habeas Corpus ¶¶ 1-2, ECF No. 1.)  Petitioner left Ecuador and entered the United States at Eagle Pass, Texas, on or about December 20, 2022, where he encountered Department of Homeland Security (DHS) officers at the border.  (*Id.* ¶¶ 17-18.)  Petitioner was detained and processed by DHS officers who initiated removal proceedings against Petitioner and released him on parole.  (*Id.*)  Petitioner alleges that after his release, he moved to Luzerne County, Pennsylvania and then to Lansdale, Pennsylvania where he lives with his partner.  (*Id.* ¶ 19.)  Petitioner alleges that he has resided in Lansdale, Pennsylvania for over two years.  (*Id.* ¶¶ 1, 19.)  Petitioner further alleges that he has a work permit, and that he works in the United States to support his three children who live in Ecuador.  (*Id.* ¶ 19.)

Nothing in the record suggests that Petitioner was anything but compliant with the conditions of his parole and immigration removal proceedings.  (*Id.* ¶ 20.)  Petitioner claims that he checked in with ICE at each scheduled appointment, and that he attended each and every immigration court hearing.  (*Id.* ¶ 20.)  Petitioner submitted an asylum application, and his next scheduled immigration hearing is for July 9, 2026, before Immigration Judge Dawn Kulick.  (*Id.*)

On May 6, 2026, Petitioner was detained by ICE at his routine ICE check-in.  (*Id.* ¶ 21.)  Petitioner is in the physical custody of Respondents at the Philadelphia Federal Detention Center.  (*Id.* ¶ 22.)  He now faces detention because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have revoked his parole.  (*Id.*)  When ICE took Petitioner into custody, ICE was, in essence, revoking his parole and choosing to detain him under § 1225(b).  (*Id.* ¶ 23.)  Petitioner alleges that prior to being detained, he had lived in the United States for almost three and one-half years as a law-abiding and productive member of society.  (*Id.* ¶¶ 1, 17.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years.  The Government candidly acknowledges that the substantial weight of district court authority rejects its argument

to the contrary.  (Response in Opposition pages 3, 6 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue.  *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No.1, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025).  The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful.  The out-of-circuit appeals decisions adopting the Government's position are unpersuasive to this Court.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

3